Our last case today, number 231705 Juan J. Guallini-Indij et al versus Banco Popular de Puerto Rico. Counsel for appellants, please come up and introduce yourself on the record to begin. Good morning, Your Honor. For the record, this is Javier Villarino-Santiago, and I'm here on behalf of the- I'm sorry. Hold on one second. I just want to make sure if you can leave the table. I'll start again, Your Honor. Good morning. For the record, this is Javier Villarino-Santiago. I'm here on behalf of the appellants, Juan Guallini-Indij and Raquel Medina-Rampolla. I would like to reserve three minutes for report, Your Honor. In this case, we submitted the final brief on June 18, 2024, and after it was all submitted, on August 1, 2024, the Senate Appellate Court rendered its decision in the Reyes-Colon versus Banco Popular de Puerto Rico. She saw case 110, Federal Court 54. Such case has striking similarities to these proceedings. The panel therein resolved the issue of what is the standard to determine timeliness of a motion to withdraw the bankruptcy reference in the First Circuit. I believe, Honorable Judge Barron, you were part of the three-panel judge for that particular case. In Reyes-Colon, the panel was persuaded to agree with the Ninth Secret Precedent that establishes that the standard for review for abuse of discretion applies to the timeliness of a motion to withdraw the reference, and it mandated that the district court should consider the efficient use of judicial resources, take into account the delay and cost to the to allow a permissive withdrawal of reference as the one that we are presenting in this case. Now, it contrasts with this case, the case subject to disappeal, because here, the district court denied the withdrawal of reference and ordered the filing of a new case with the very same facts and the very same court, thereby attempting against the efficient use of judicial resources. In this case, Your Honor, we have to bear in mind that my clients, the appellants, are residents of Georgia, and they have a constitutional right to a jury trial, which was not addressed by the district court, which was not addressed by Banco Popular, and that coupled with the fact that at the particular time when the withdrawal of reference was withdrawn for the second time, all the parties consented that there was no subject matter jurisdiction in the bankruptcy court to enter legal conclusions or to finalize the proceedings at that particular point. But this is something that was foreseen when the first withdrawal of reference was filed, and in the order for the first denial of the withdrawal of reference, Judge Carreño and the district court paved the way for the presentation of another motion for withdrawal of reference is certain particular facts were found, which were found at that juncture when we filed the second withdrawal of reference. So taking into account the right of jury trial that our clients have, coupled with the fact that everything changed in the case when the bankruptcy court declared itself without subject matter jurisdiction, when Banco Popular for the first time admits that there is no subject matter jurisdiction, and we ring the bell and we bring the second withdrawal of reference before such appealed order was final. We filed a motion to withdraw the reference when the reconsideration was being litigated in the bankruptcy court. Posterior to that, then the appeal was filed. We consolidated both. We believe that there's original and primary jurisdiction in the district court to take the case and make the conclusions of law that the bankruptcy court did not perform. And we believe, Your Honor, there will be a waste of judicial resources if the case is remanded, is sent back to start anew in the very same district court, because there is diversity of jurisdiction, to start completely anew with a new judge when in this particular case, there's been more than four judges already that have seen this particular matter. Now, after the district court... Aside from the argument of waste of resources, your client is not prejudiced if he filed another case because he would technically get his day in court. Yes, Your Honor, but we will lose our RESPA claims. The regulation X and the consumer law protection claims that we brought forth to the bankruptcy court, which was the object of the majority of the discovery in the 65 uncontested material facts found by the bankruptcy court, we will lose them. We will lose them because those RESPA claims status of limitations were told by virtue of the bankruptcy case. So they follow, and this is an uncontested fact, the statute of limitations was told. And if we are forced to file a new case, then we will lose our RESPA and regulation X. Wouldn't there be some sort of stop argument or some other argument that those facts go to a new case? You know, there have been some findings and those facts have never been appealed, so... Yeah, Your Honor, but in the statute of limitations, knowing how fast they lose this opposing creditor is, because when we were doing the first withdrawal of reference, they were alleging that all of the counts of the complaint were core. And this is in the record. We put it in our reply brief and we specify where exactly Banco Popular went and said that the RESPA claims were core bankruptcy matters, that the breach of contract were bankruptcy matters, and all the counts of the complaint were all core. So this particular creditor loves to play fast and loose in bad faith litigation, same way that they did in the Reyes-Colón case, Your Honor. So... So, I mean, just to pin it down, so you're saying that at the point that the bankruptcy proceeding terminated, that the statute of limitations started running after that. And that's why you have a statute of limitations problem? It is the other way around, Your Honor. It's that when you file for bankruptcy, there's section 108, I believe it is. It tells all the pending statute of limitations that are pending when you file for bankruptcy. And it gives you a two-year window to resume the offensive if you would like to take those statute of limitations. And that's exactly what we did. We filed a bankruptcy in 2017 and we filed the adversary proceeding in 2019, preserving those regulation-exiting consumer laws. So that we could be able to argue it and present it to the bankruptcy court. And at that particular point, because the bankruptcy was alive, then obviously we could make the argument and bring the proceeds of those causes of actions to the bankruptcy court to pay off the bankruptcy plan. But then something unexpected happened. There was an inheritance and our clients were able to pay in full. And that's what triggered the first... So when you filed it as an adversarial proceeding, did you deem it core to the bankruptcy proceeding at that point also? It was related to jurisdiction because of the fact that those proceeds would be used to fund the plan, Your Honor. My time is up, Your Honor. But did you make a conscious decision not to seek the bankruptcy court's permission to file it outside of the bankruptcy context? We moved to withdraw the reference for the first time at that particular point. We lost because it was untimely at that point. But because the judge looked at the complete litigation. And what we're saying is that the Reyes-Colón case looks beyond what the duration of the proceeding is. For example, in Reyes-Colón, this honorable panel saw that when they at first alleged the bad faith, that's when it started to count. As opposed to the 10 years of litigations that was happening in the Reyes-Colón case. Thank you. Thank you, counsel. Attorney Marini-Piaggi, please come up and introduce yourself on the record. Good morning, Your Honor. Luis Marini for appellant. May I be heard? Did this case go through mediation? Pardon? Did this case go through mediation? Do you believe we have mediation in the district court? Right? Or a mediation meeting? You have not in this court? Do you believe we had a mediation meeting in the district court? Do we have one here? I know you, but you went through the camp process. Yeah. May I be heard? Did you go through the camp process? We did. I believe we selected. We understood the mediation was not going to resolve the issues. Wait a minute. Does that mean you went through it or you declined to go through it? Did you attempt mediation? We've had, I'm looking at opposing counsel. We've had mediation meetings throughout the life of this case. I believe we did not do so in the first circuit. The issue is a legal issue as we see it. We understand that the matter could be settled. Would you be amiable to further mediation? I think that's the question. I would prefer that the matter be submitted. This appeal, Your Honors, stems from two opinions and orders. First is the opinion order for the bankruptcy court dated July 22nd, 2022, where the bankruptcy court dismissed the appellant's adversary proceeding after finding that it lacked subject matter jurisdiction. The second is the opinion order of the district court until July 14th, 2023, where the district court affirmed the bankruptcy court's dismissal, which is subject matter, lack of subject matter jurisdiction, and also denied the appellant's second motion to withdraw the reference to the district court as he found that that motion had been filed untimely. These are the only two opinions and orders subject to this appeal. On that second one about the timeliness of the withdrawal of the reference, is your understanding that the appellant is challenging the timeliness of that? No. No. What's your understanding of what they're doing? They are challenging issues that are not on appeal, that were not resolved by the court. These two determinations, lack of subject matter jurisdiction, they agree. Just on the record, they did not request that this court overturn the termination of lack of subject matter. So what you're saying is that if that wasn't appealed, then that's it? That's it. Go back to square one. Unless the bankruptcy court should have done further determinations, but because they do not contest the bankruptcy court did not have subject matter jurisdiction, what else could the bankruptcy court have done? Did it ask below for the thing it's asking now from us on appeal? No, it only asked for reconsideration of the decision denying of the opinion order, and it was denied. The other issue, Your Honor, is the timeliness. Nowhere in the appellant's brief to the L.S., the motion to withdraw was timely. Nowhere in... But this raised a lone point that's being made now. I just looked again because this is the first time I hear that. That case is not included in the list of cases in their appellant brief. It's not included in their reply brief. I know that case. That's nothing to do with the facts here. But it wasn't detailed in their pleadings. They did not allege timeliness or lack thereof in their appellant brief, and we believe they waived it. They consented to the bankruptcy court hearing this matter. Bankruptcy court spent two years. They consented to the bankruptcy court make a final determination, and the bankruptcy court did. They said that they consented to the bankruptcy court presiding over pretrial proceedings. They filed... Discovery. I don't think that's accurate. They filed the complaint in the bankruptcy court. They did not file it in the district court. The complaint that they filed alleges that the bankruptcy court has jurisdiction. They consented to entry of judgment from the bankruptcy court. It wasn't until two years in litigation. They attempted to withdraw the reference, and that request for withdrawal was denied because it wasn't timely then. And the bankruptcy court, based on that original consent, did a determination and found that it did not have jurisdiction. Those two points, lack of jurisdiction and the untimeliness of the withdrawal of reference, those are the issues that the bankruptcy court and the district court determined. That's the only judgment that we have before us in this appeal. That's it. And they are not being challenged. Did your client object to the bankruptcy court's jurisdiction when they filed the adversary proceedings? Not originally because there was jurisdiction originally. There was a case that was being administered. If the defendant or the appellant had obtained a judgment from my client that I've gone to pay credit under the plan, it was related to bankruptcy jurisdiction issue because whatever the appellant had received, if anything, would have been distributed under the bankruptcy case. But once the bankruptcy court made— You're not saying it wasn't a subject matter jurisdiction problem. You're just saying that at the point that the bankruptcy proceeding terminated that the bankruptcy court no longer had jurisdiction. Correct. And that's what the bankruptcy court found. And at that point, we agreed. So I think— And you're saying their recourse at that point would have been to file a separate action. That's what the district court said in its order. These dismissals are without prejudice. They mentioned RESPA claims. Even if there's a statute of limitations problem. Well, for that statute of limitations, they have it regardless. They mentioned RESPA claims. But it was timely filed if it was properly filed in the bankruptcy court. But with all due respect, the housing council, whom I respect, is misleading the court when he says that they preserve RESPA claims. That complaint that they filed has two causes of action, one for equitable subordination and one for tort. It doesn't have any causes of action for RESPA violations or any other violations. Those are the two causes of action that they filed. Even if there's a statute of limitations problem or not, if I'm following, the judgment before us is the lack of subject matter jurisdiction. Correct. And the timeliness of the withdrawal of reference. Correct. And those are not being challenged by the appellant. And then we just—you're saying neither one is challenged, so we would affirm the judgment. Whatever follows in any subsequent action about statute of limitations— It will be decided. Some other judge will decide it and figure it out, and they can appeal for that. Correct. And that's the challenge, Your Honor. That's why we did not engage in mediation, because we don't think there's anything being challenged here of the original orders. Those two main prongs of the decision are not challenged by the appellants. The first motion for withdrawal of reference was filed before the proceeding terminated. Correct. It was filed—the first one was filed two years into the litigation. It was denied then, untimely. But by that point, the bankruptcy court had had the case for two years, been substantial discovery. But it was— It was denied untimely. I'm sorry. It was filed once the bankruptcy petitioners realized that they had come into money so that they could pay off the debt. Correct. And it was denied untimely. Then they filed a second one two years later, almost four years into the litigation, and it was also denied untimely. And you're saying that's just not challenged here. There is no allegation in the brief saying that the motion was timely. They raised it for the first time in the reply brief after we, in our opposing brief, said they failed to challenge it, and it was waived. They did not raise it in the district court. They did not raise it in their opening brief. This new case that they're relating now, which has nothing to do with our case, they did not cite it in their papers either. So, you know, we understand this is a simple appeal. I rest on our papers unless you want to ask any other questions. Let me ask you one other thing. You agree with what opposing counsel said, that he could file the complaint he wants to file before the district court, and there's no impediment to that, correct? Assuming there's diversity, he can file a complaint in the district court and we'll raise the defenses with him appropriately. And let me also ask. The bankruptcy court made findings, 60-something he mentioned. Those, again, subject to your opposition, in theory, could be considered in the new case because those findings have not been appealed or objected, correct? No one appealed any finding from the bankruptcy court. He could, in theory, bring those findings in the new case he files in. That would be non-issue. They haven't been appealed, correct? Thank you, Your Honor. Thank you, counsel. Well, Attorney Villarino-Santiago, please come up, reintroduce yourself on the record. You have a three-minute rebuttal. Yes, Your Honor. Before you start, do you address the timing of this issue in your opening brief? Well, Your Honor, yeah. Because who opened the door for the second withdrawal of reference was the language that everybody ignores in this case. The district court is ignoring it. The bankruptcy court is ignoring it.  Yes, Your Honor. You mentioned the case that you just cited to us? Raise the law? Yes, Your Honor. In the opening brief? Yeah. We filed a second withdrawal of reference because of two reasons. One, because everybody consented that there was no subject marriage jurisdiction in the bankruptcy court. And because my client has a demand for trial by jury. And this was what Judge Carreño stated in her first opinion in order denying the withdrawal of reference. She said, It serves the interest of judicial economy and efficiency to keep an action in bankruptcy court for the resolution of pretrial managerial matters, even if the action would ultimately be transferred to the district court for trial. And then she opened the door and said that then, by then, you may again seek withdrawal. When nobody looks at this language, the bankruptcy court doesn't look at this language, Banco Popular doesn't look at this language, and the district court didn't either. And this opened the door for us to do what we did. We requested the second withdrawal of reference upon finding that everybody at last was consenting that the bankruptcy court lacked subject marriage jurisdiction. And because my client had a right to a jury trial by then. With now with the benefit of having 65 uncontested material facts found. And we did appeal some of the material, the ones that the court omitted, which are the ones that are going to go to trial. Okay. And these are material facts that were omitted. And all of this was briefed. And it was incorporated into the brief that we submitted with the district court by reference to the briefs that we filed in the district court. I'm just looking at your brief. I'm looking for the word timeliness. Or timing. Or on time. Or anything like that. And on page, the first summary of argument. I can't find anything up to page 19 when we then start talking about subject matter jurisdiction. So I'm just, where is the argument? We incorporated, Your Honor, and for the sake of initial comment, we incorporated our briefs from the district court into the appellate brief for the circuit court. How'd you do that? By reference, incorporated by reference in our brief. You said that? Yes, Your Honor. Yes. And that's your briefings? You just say, we just take what we said below? No, Your Honor, because. I thought we don't let you do that usually. Well, Your Honor, because the timeliness occurs by virtue of the order that Judge Carreña entered in the first. I'm not asking you now to make the argument. I'm trying to find out where in your brief you made the argument that it erred in concluding it was untimely. If you did, that's fine, but where did you do it? Well, Your Honor, we, because I. You did it in the district court brief. Yeah, and we incorporated it into this one because it is the mandate of the district court. I get it. That makes it timely. Aside from the incorporation, I'm not going to find anything in this brief that talks about why it erred as the timeliness, right? Well, there's two instances, the trial by jury and the consent of all the parties that there was no subject matter jurisdiction. That's what triggers. That's what you were talking about this year, but. But that is. That is the timeliness point? That's the timeliness point, Your Honor. And it's made all over the brief in the appellate court here. That's our main argument. We filed a second withdrawal of reference. At the moment when the bankruptcy court said there's no subject matter jurisdiction, and Banco Popular the day before said there is no subject matter jurisdiction. That's when we filed the second withdrawal of reference, which goes hand in hand with what Judge Carreño said in the first denial of the withdrawal of reference, Your Honor. Thank you. Thank you, counsel. That concludes arguments in this case.